**FILED**

**MARCH 3, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**08 C 1255**

| | |
|---|---|
| TOMMY WALKER, | |
| **Plaintiff,** | No. |
| v. | |
| BLACK HORSE CARRIERS INC., | |
| **Defendant.** | **Jury Trial Requested** |

**JUDGE HIBBLER
MAGISTRATE JUDGE BROWN**

**COMPLAINT**

NOW COMES Plaintiff, TOMMY WALKER, by and through his counsel, LISA KANE &

ASSOCIATES, P.C., and complaining of Defendant, BLACK HORSE CARRIERS INC., states as

follows:

**PRELIMINARY STATEMENT**

1.      This action seeks redress for the violation of rights guaranteed to Plaintiff by 42

U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's

discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and

28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981

and 42 U.S.C. § 2000e et seq.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and

2202.

1

## VENUE

3.      Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.      Plaintiff, TOMMY WALKER, is an African-American citizen of the United States who resides in the State of Illinois.

5.      Defendant, BLACK HORSE CARRIERS INC., is a corporation properly recognized and sanctioned by the laws of the State of Illinois.   At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois.    Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

## PROCEDURE

6.      Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 15, 2008.  The EEOC issued Plaintiff a Notice of Right to Sue on February 25, 2008, which Plaintiff received on February 27, 2008.  The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff has initiated this action within said ninety (90) day period.

## <u>COUNT I – 42 U.S.C. § 1981 - RETALIATION</u>

7.      Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.      Plaintiff began working for Defendant in May 2007 as a Truck Driver.

9.      Throughout the entirety of his employment with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto.

2

10.     Beginning in approximately June 2007, Plaintiff placed complaints to Defendant's managerial and supervisory employees, including Ted Buckley, Manager, and Brad Swanson, Supervisor, of the racially harassing and hostile actions of a Caucasian co-worker, Frank Dolatow.

11.     Such racially harassing and hostile actions included, but are not limited to:

a.  Repeatedly referencing Plaintiff's and other African-American employee's skin color or calling these individuals a "black ass";

b.  Threatening to burn crosses on an employee's lawn; and

c.  Calling Hispanic employees "spics".

12.     Despite Plaintiff's numerous complaints, Defendant took no substantive action to address his reports and Mr. Dolatow was allowed to continue his harassing and hostile behavior.

13.     As Defendant took no action, Frank Dolatow escalated his racially harassing behavior, eventually leading to a physical confrontation in approximately early August 2007 after Dolatow made disparaging remarks about another employee's national origin.

14.     Immediately after witnessing the physical altercation arising from Frank Dolatow's discriminatory remarks, Plaintiff placed another complaint to his direct supervisor, Brad Swanson. In the complaint, Plaintiff reported the racial undertones of the confrontation and specifically requested that as his previous reports were ignored that this be communicated to Defendant's owner.

15.     Plaintiff engaged in protected conduct under 42 U.S.C. § 1981 based on his opposition to and reporting of Defendant's discriminatory conduct.

16.     Rather than address Plaintiff's complaints, following his reports, Defendant began a course of conduct to retaliate against Plaintiff for his protected activity.

17.     Following Plaintiff's reports, Defendant transferred Plaintiff from the Nation Pizza

3

to the Fresh Express account.

18.     In making the transfer, Defendant informed Plaintiff that there were only night shifts available, despite hiring Plaintiff on the premise that he would only be scheduled on day-time hours to allow him to care for his children.

19.     Defendant further reduced Plaintiff's hours from approximately sixty (60) to seventy (70) hours per week to approximately forty-five (45) hours per week.  This decrease substantially reduced Plaintiff's earnings by about fifty (50) percent.

20.     Following the transfer, Defendant began to monitor and scrutinize Plaintiff's activities in a discriminatory manner not afforded to his similarly situated co-workers who did not engage in protected activity.  Such monitoring included assigning a truck driver, Ralph, to follow Plaintiff around the facility, spy on him, and record his activities.

21.     In addition, while Truck Driver Ralph monitored Plaintiff's behavior he was allowed to harass Plaintiff.  Further, in approximately January 2008, Ralph began to inform customers and co-workers that Plaintiff was going to be terminated.

22.     On February 6, 2008, Plaintiff reported to his new supervisor on the Fresh Express account, Rick, of the discriminatory treatment he continued to endure.  In response, Supervisor Rick asked Plaintiff to meet with him prior to Plaintiff's scheduled shift later that day.

23.     Before the meeting took place, however, Supervisor Rick called Plaintiff to terminate his employment for the purported reason of tardiness.

24.     In terminating Plaintiff's employment, Defendant bypassed its usual and customary practices and procedures which require that employees receive progressive discipline for tardiness, including verbal and written warnings, none of which Plaintiff received prior to his termination.

4

25.     On information and belief, similarly situated employees who did not engage in protected activity were not subjected to the adverse actions directed against Plaintiff.

26.     Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of racial discrimination and harassment.

27.     The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a harassing, discriminatory, and hostile work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

28.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TOMMY WALKER, prays for judgment against Defendant and respectfully requests that this Court:

A.      Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for their opposition to the creation of a harassing, discriminatory, and hostile work environment;

C.      Order Defendant to make whole TOMMY WALKER by providing the affirmative

relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.     Order Defendant to pay lost, foregone, and future wages to TOMMY WALKER;

F.     Grant Plaintiff his attorney's fees, costs, and disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – TITLE VII - RETALIATION

29.     Paragraphs one (1) through fourteen (14) are incorporated by reference as if fully set out herein.

30.     Plaintiff engaged in statutorily protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on his opposition to and reporting of Defendant's discriminatory conduct.

31.     Rather than address Plaintiff's complaints, following his reports, Defendant began a course of conduct to retaliate against Plaintiff for his protected activity.

32.     Following Plaintiff's reports, Defendant transferred Plaintiff from the Nation Pizza to the Fresh Express account.

33.     In making the transfer, Defendant informed Plaintiff that there were only night shifts available, despite hiring Plaintiff on the premise that he would only be scheduled on day-time hours to allow him to care for his children.

34.     Defendant further reduced Plaintiff's hours from approximately sixty (60) to seventy (70) hours per week to approximately forty-five (45) hours per week.  This decrease substantially

reduced Plaintiff's earnings by about fifty (50) percent.

35.     Following the transfer, Defendant began to monitor and scrutinize Plaintiff's activities in a discriminatory manner not afforded to his similarly situated co-workers who did not engage in protected activity.  Such monitoring included assigning a truck driver, Ralph, to follow Plaintiff around the facility, spy on him, and record his activities.

36.     In addition, while Truck Driver Ralph monitored Plaintiff's behavior he was allowed to harass Plaintiff.  Further, in approximately January 2008, Ralph began to inform customers and co-workers that Plaintiff was going to be terminated.

37.     On February 6, 2008, Plaintiff reported to his new supervisor on the Fresh Express account, Rick, of the discriminatory treatment he continued to endure.  In response, Supervisor Rick asked Plaintiff to meet with him prior to Plaintiff's scheduled shift later that day.

38.     Before the meeting took place, however, Supervisor Rick called Plaintiff to terminate his employment for the purported reason of tardiness.

39.     In terminating Plaintiff's employment, Defendant bypassed its usual and customary practices and procedures which require that employees receive progressive discipline for tardiness, including verbal and written warnings, none of which Plaintiff received prior to his termination.

40.     On information and belief, similarly situated employees who did not engage in protected activity were not subjected to the adverse actions directed against Plaintiff.

41.     Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of racial discrimination and harassment.

42.     The aforementioned acts and omissions of Defendant constitute unlawful retaliation

7

for Plaintiff's opposition to race discrimination and harassment, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

43.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TOMMY WALKER, prays for judgment against Defendant and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for their opposition to the creation of a harassing, discriminatory, and hostile work environment;

C.    Order Defendant to make whole TOMMY WALKER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.    Order Defendant to pay lost, foregone, and future wages to TOMMY WALKER;

F.    Grant Plaintiff his attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

44.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in

this complaint.

Respectfully submitted,
TOMMY WALKER, Plaintiff,


By:  s/Lisa Kane_____
        Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093